[No. 1585.]

## John Askey *v.* The State.

1. Unlawfully Playing Cards—Practice.—Indictment charged the appellant with wilfully and unlawfully playing cards in a public place, and at a certain house for retailing spirituous liquors. The State abandoned the allegation that the playing was done in a house used for retailing liquors. Thereupon the defendant moved to quash the indictment. *Held,* that the motion was properly overruled.

2. Same.—An indictment for playing cards in "a public place" is not sufficient to charge the offense unless it alleges the facts which constituted the place a public place.

3. Same—Charge of the Court.—No other proof that the place was a public place was attempted than that, some two months prior to the playing, the lower room of the building was used for the retailing of liquor. Under this state of facts the court charged: "If any person shall play at any game with cards at any house for retailing spirituous liquors, store house, tavern, or any other public house, or in any public street, highway or other public place or out house where people resort," etc. *Held,* error, as comprising every character of place designated in article 355 of the Penal Code; and, the State having abandoned the allegation of a house where spirituous liquors were sold, the court should have confined the charge to the allegation of a "public place"

Appeal from the County Court of Gonzales. Tried below before the Hon. J. S. Conway, County Judge.

The conviction was for playing cards in a public place, and the punishment imposed was a fine of ten dollars.

The fact that the defendant played a game of cards in the up stair apartment of an unoccupied store house was in no wise disputed on the trial. There was, however, no proof of the public character of the house, and it was positively proved that no liquor had been sold in the building for over two months.

No briefs for appellant have reached the Reporters.

*J. H. Burts,* Assistant Attorney General, for the State.

HURT, JUDGE. Appellant is charged by the indictment with wilfully and unlawfully playing a game with cards at a certain public place, and at a certain house for retailing spirituous liquors.

The State abandoned the allegation in the indictment which charged the defendant with playing cards "at a certain house for retailing spirituous liquors." Hence this conviction was for card playing "at a certain public place."

Defendant moved the court to quash the indictment, but, as the indictment charged that the playing occurred at a certain house for retailing spirituous liquors, this motion was properly overruled. This allegation being abandoned, was there a good indictment remaining? If an indictment charges that the playing occurred "at a certain public place," without alleging the facts constituting it such, will such indictment be sufficient? It will not. (*Elsberry* v. *The State,* 41 Texas, 158.)

There was no attempt to prove that the place at which the playing took place was a public place. From the evidence it appears that defendant played one game of cards up stairs over a building in the town of Gonzales; that said building—the lower room thereof—some two months prior to this game had been used for retailing spirituous liquors.

Upon this state of facts, the learned judge charged the jury that "if any person shall play at any game with cards, at any house for retailing spirituous liquors, store house, tavern, or any other public house, or in any public *street,* highway or other public place, or in any out house where people resort, he shall be fined not less than ten nor more than twenty-five dollars." This charge covers each and every house and place named in Article 355 of the Penal Code; and notwithstanding

"a house for retailing spirituous liquors" had been abandoned by the State, the learned judge injects it into the case again, and virtually tells the jury that if the defendant played at such a house to convict him.

The charge should never depart from the allegations of the indictment. When the State abandoned the allegation with reference to the house for retailing spirituous liquors, the prosecution was confined to proof that the playing took place at a public place, and to this, or such a place, the charge of the court should and must be confined.

However, an indictment which merely alleges that the playing occurred at "a public place," without giving the facts constituting it such, being insufficient, the conviction was illegal and the judgment must be reversed. The judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*